IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RONALD DEAN LOWE, | ) |
| Petitioner, | ) ) ) |
| v. | ) ) Case No. CIV-20-427-J |
| JEROLD BRAGGS, | ) ) ) |
| Respondent. | ) ) |

**ORDER**

Petitioner, Ronald Dean Lowe, a state prisoner appearing pro se, brought this action pursuant to 28 U.S.C. § 2254, seeking habeas relief from a state court conviction. [Doc. No. 1]. The matter was referred for initial proceedings to Magistrate Judge Shon. T. Erwin consistent with 28 U.S.C. § 626(b)(1)(B), (C). On preliminary review, Judge Erwin issued a Report and Recommendation recommending that this action be dismissed for lack of jurisdiction. [Doc. No. 7]. Petitioner has filed objections to the Report and Recommendation which triggers de novo review. [Doc. Nos. 12 and 14].

Relevant here, on October 5, 1993, Petitioner was convicted on two counts of first-degree murder in Pottawatomie County District Court. Over the past twenty plus years, Petitioner has filed appeals and applications for post-conviction relief in state court and has filed habeas petitions in this Court. In May 1998, Petitioner sought authorization from the Tenth Circuit to file a "second or successive" habeas petition in federal district court, which the Tenth Circuit denied. *See Lowe v. Champion*, Case No. 98-729 (10th Cir. June 10, 1998). On May 6, 2020, Petitioner filed this habeas petition.

In the Report and Recommendation, Judge Erwin concluded that this Court has no jurisdiction over the habeas petition because Petitioner did not obtain the required authorization

from the Tenth Circuit. Judge Erwin further concluded that transfer of this case to the Tenth Circuit is not warranted and that this case should be dismissed. Petitioner objects to these conclusions.

Before a second or successive § 2254 application can be filed in the district court, the petitioner "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). "A district court does not have jurisdiction to address the merits of a second or successive . . . 28 U.S.C. § 2254 claim until [the court of appeals] has granted the required authorization." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam). In his objections, Petitioner does not assert that he has obtained the required authorization from the Tenth Circuit. [Doc. Nos. 12 and 14, *passim*]. Accordingly, the Court concludes that it does not have jurisdiction over the habeas petition in this case.

When a second or successive § 2254 petition is filed without the required authorization, "the district court may transfer the matter to [the appellate] court if it determines it is in the interest of justice to do so under [28 U.S.C.] § 1631, or it may dismiss the motion or petition for lack of jurisdiction." *Id.* at 1252. "Factors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." *Id.* at 1251.

Having carefully reviewed the § 2254 petition, the Report and Recommendation, and Petitioner's objections de novo, the Court agrees with Judge Erwin's conclusion that it is not in the interest of justice to transfer this matter to the Tenth Circuit and that the petition should be dismissed for lack of jurisdiction. As set forth above, Petitioner has previously sought authorization from the Tenth Circuit to file a second or successive habeas petition; thus, Petitioner

clearly would know that he was required to seek authorization prior to filing this § 2254 petition. Additionally, because the current petition was filed approximately twenty years after the limitations period expired and Petitioner has not set forth a sufficient basis for twenty years of tolling, the Court finds dismissing the petition and requiring Petitioner to seek authorization with the Tenth Circuit anew will not impact any time bar in this case.

Accordingly, the Court ADOPTS the Report and Recommendation [Doc. No. 7] and DISMISSES without prejudice Petitioner's § 2254 petition in its entirety for lack of jurisdiction. A certificate of appealability is DENIED, as the Court concludes Petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED this 2nd day of September, 2020.

BERNARD M. JONES
UNITED STATES DISTRICT JUDGE